**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002488**
**24-OCT-2013**
**11:43 AM**

NO. CAAP-13-0002488

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD BLAISDELL, Plaintiff-Appellant, v.
DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2008)

ORDER GRANTING DEFENDANT-APPELLEE'S
SEPTEMBER 19, 2013 MOTION TO DISMISS APPEAL
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon consideration of the September 19, 2013 Motion to
Dismiss Appeal by Defendant-Appellee Department of Public Safety,
the papers in support and in opposition, and the record, it
appears that this court does not have jurisdiction over the
appeal by Plaintiff-Appellant Richard Blaisdell (Appellant
Blaisdell) from the Honorable Rhonda A. Nishimura's July 25, 2013
"Order Denying Plaintiff's Motion for Summary Judgment Filed on
June 4, 2013"(hereinafter referred to as "the July 25, 2013
interlocutory order"), because the July 25, 2013 interlocutory

order is not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). An order granting or denying summary judgment is not a judgment under HRCP Rules 54(a) and 58. See M. F. Williams, Inc. v. City and County of Honolulu, 3 Haw. App. 319, 322-23, 650 P.2d 599, 601-02 (App. 1982).

It appears that all claims of all the parties in the underlying case have not been finally resolved. The July 25, 2013 interlocutory order was not reduced to a separate judgment containing the finding necessary for HRCP Rule 54(b) certification. No appealable separate judgment was filed before the record on appeal was filed in this case on September 27, 2013. Therefore, the July 25, 2013 interlocutory order is not eligible for appellate review.

-2-

Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the July 25, 2013 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b).

Therefore, IT IS HEREBY ORDERED that the September 19, 2013 Motion to Dismiss Appeal filed by Defendant-Appellee Department of Public Safety is granted, and appellate court case number CAAP-13-0002488 is dismissed for lack of appellate jurisdiction, and that pending motions in this case, if any, are dismissed as moot.

DATED: Honolulu, Hawai'i, October 24, 2013.


Chief Judge


Associate Judge


Associate Judge